IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LATONYA JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:23-CV-453 (CAR) |
| | : | |
| FAMILY DOLLAR STORES OF | : | |
| GEORGIA, LLC, and JOHN DOE, | : | |
| | : | |
| Defendants. | : | |

### ORDER ON PLAINTIFF'S MOTION TO AMEND AND MOTION FOR REMAND

Plaintiff Latonya Jones brings this personal injury lawsuit to recover for injuries sustained after she tripped and fell inside Defendant Family Dollar Stores of Georgia, LLC's store in Macon, Georgia. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint [Doc. 18] and **GRANTS** Plaintiff's Motion for Remand [Doc. 19].

### BACKGROUND

Plaintiff filed this case in the State Court of Bibb County against Defendant Family Dollar and Defendant John Doe. Defendant John Doe's identity was unknown, but he/she was described as the manager of the store where Plaintiff fell.[1] Defendant Family Dollar

---

[1] State Court Pleadings [Doc. 1-2 at 2].

timely removed this action pursuant to the Court's diversity jurisdiction.[2] Plaintiff now seeks to amend her Complaint to substitute Breanna Cummings, an assistant store manager at the Macon store, for Defendant John Doe. Because Ms. Cummings is a citizen of Georgia, adding her to the case would destroy the diversity of the parties and divest this Court of jurisdiction over this action.[3] Thus, Plaintiff further seeks to remand this action to state court.

## DISCUSSION

A defendant may remove an action originally brought in state court to federal court based on diversity of citizenship if the action is between citizens of different states, and the amount in controversy exceeds $75,000.[4] But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[5]

"Although in most cases a plaintiff is liberally allowed to join a new defendant, in an instance where the amended pleading would name a new non-diverse defendant in a removed case, the district court should more closely scrutinize the pleading and be

---

[2] Notice of Removal [Doc. 1].

[3] 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."); *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

[4] *See* 28 U.S.C. §§ 1441(b), 1332(a).

[5] 28 U.S.C. § 1447(c).

hesitant to allow the new non-diverse defendant to join."[6] "In so scrutinizing the pleading, the district court should use its discretion in deciding whether to allow that party to be added by balancing 'the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.'"[7] "The equitable balance is guided by four factors: (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other relevant equitable considerations."[8]

The equitable balance weighs in favor of allowing Plaintiff to amend her Complaint and remanding this case. First, Defendant does not contend Plaintiff has an improper motive for substituting Ms. Cummings as a defendant. Plaintiff named Defendant John Doe, identified as a store manager, in her state court complaint before this case was removed.[9] Thus, there is no evidence Plaintiff seeks to add Ms. Cummings for the purposes of destroying diversity now that the case has been removed.

Second, Defendant does not contend Plaintiff's request is untimely. Plaintiff alleges, and Defendant does not dispute, that she did not learn Ms. Cummings' identity

---

[6] *Reyes v. BJ's Rests., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).
[7] *Id.* (quoting *Hensgens*, 833 F.2d at 1182).
[8] *Id.* (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009)).
[9] Doc. 1-2 at 1.

3

until April 10, 2024.[10] Plaintiff deposed Ms. Cummings on July 3, 2024, at which time her Georgia citizenship was confirmed,[11] and Plaintiff filed these Motions on July 23, 2024.

Third, Defendant argues Plaintiff will not be significantly injured if Ms. Cummings is not added to this lawsuit because she can obtain full relief in her lawsuit from Family Dollar, and she could obtain the same information through discovery as she would otherwise get. But the Court finds Plaintiff could be injured because she would have to pursue parallel lawsuits in state and federal court.

Fourth, Defendant argues the Court should consider Defendant's interest in retaining a federal forum and the likelihood that Defendant would satisfy any judgment against Ms. Cummings as equitable factors in its favor. Plaintiff argues Defendant was on notice from the onset of this lawsuit that Plaintiff intended to name the store manager as a defendant, whose addition was likely to destroy diversity. Plaintiff further argues Defendant was in the best position to learn the identity and citizenship of Defendant John Doe yet chose to remove the case anyway. The Court agrees with Plaintiff.

Finally, Defendant argues Plaintiff would not be able to prove a cause of action against Ms. Cummings as assistant manager under O.C.G.A. § 51-3-1. Although some Georgia District Courts have concluded that a manager or assistant manager cannot be

---

[10] Motion for Remand [Doc. 19 at 6].
[11] *Id.* at 2, 6.

4

an "owner or occupier" under O.C.G.A. § 51-3-1,[12] many others, including those in the Middle District of Georgia, have "routinely come to the opposite conclusion."[13] "Most courts agree that exhibiting some level of supervisory control will be sufficient to include a store manager within the § 51-3-1 definition of 'owner or occupier.'"[14] The record reflects that Ms. Cummings, as assistant manager, completed mandatory safety training, could reprimand employees for not completing their mandatory safety training, was on duty at the time of the incident, and personally inspected the area where Plaintiff fell about 30 to 40 minutes earlier.[15] As the Eleventh Circuit instructs, "[a]bsent clear guidance from Georgia courts, this Court must resolve such uncertainties in Georgia law in [Plaintiff's] favor."[16] The Court finds there is a possibility Ms. Cummings could be found liable under Georgia law. Thus, the Court allows Plaintiff to add Ms. Cummings as a defendant and remands this action to the State Court of Bibb County for lack of subject matter jurisdiction.

---

[12] *See, e.g., Joy v. Wal-Mart Stores E., L.P.*, No. 1:20-CV-04309-WMR, 2021 WL 2562146, at *3 (N.D. Ga. Mar. 23, 2021); *Matos v. Wal-Mart Stores, Inc.*, No. 4:05-CV-213, 2006 WL 8429930, at *3 (S.D. Ga. May 10, 2006).
[13] *Otey v. AMC Ent. Holdings, Inc.*, No. 1:24-CV-00184-TWT, 2024 WL 1468342, at *4 (N.D. Ga. Apr. 4, 2024) (collecting cases); *see also Hambrick v. Wal-Mart Stores E., LP*, No. 4:14-CV-66 (CDL), 2014 WL 1921341, at *4 (M.D. Ga. May 14, 2014); *Marine v. Murphy Oil USA, Inc.*, No. 7:20-cv-221 (WLS), 2021 WL 4268054, at *3 (M.D. Ga. Sept. 20, 2021); *Parker v. Goshen Realty Corp.*, No. 5:11-CV-136 (MTT), 2011 WL 3236095, at *3 (M.D. Ga. July 28, 2011); *Stephens v. Wal-Mart Stores E., LP*, No. 5:09-cv-325 (CAR), 2010 WL 1487213, at *2 (M.D. Ga. Apr. 12, 2010).
[14] *Ott v. Wal-Mart Stores, Inc.*, No. 5:09-CV-00215 (HL), 2010 WL 582576, at *2 (M.D. Ga. Feb. 15, 2010) (citing *Poll v. Deli Mgmt., Inc.*, No. 1:07-cv-0959, 2007 WL 2460769 (N.D. Ga. Aug. 24, 2007)).
[15] Breanna Cummings Deposition 14:16–25; 17:2–24; 18:4–14; 31:2–32:11. [Doc. 18-3].
[16] *Hambrick*, 2014 WL 1921341, at *4 (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint [Doc. 18],[17] **GRANTS** Plaintiff's Motion for Remand [Doc. 19], and hereby **ORDERS** that this case be **REMANDED** to the State Court of Bibb County.

**SO ORDERED**, this 15th day of October, 2024.

s/ C. Ashley Royal\
C. ASHLEY ROYAL, SENIOR JUDGE\
UNITED STATES DISTRICT COURT

---

[17] Plaintiff's Second Amended Complaint [Doc. 18-1] is now the operative Complaint in this action.